HARDY, Judge.
This is an action ex delicto in which plaintiff claims damages in the nature of *907 personal injuries allegedly resulting from the fall of an elevator. Made defendants are Down Town Real Estate Company, Inc., operator of the Virginia Hotel in Monroe, and Otis Elevator Company. From judgment in favor of plaintiff and against Down Town Real Estate Company, Inc. in the principal sum of $1,592.41, and further judgment in favor of defendant, Otis Elevator Company, rejecting both the claims of plaintiff and the demands of Down Town Real Estate Company as third party plaintiff, both plaintiff and the defendant real estate company have appealed
Plaintiff alleged that the defendant real estate company was the operator of the Virginia Hotel in which the elevator which caused plaintiff’s injuries was located, and that the defendant, Otis Elevator Company, was a party to a contract with its co-defendant which made it responsible for the proper maintenance of the elevator. As against the real estate company plaintiff alleged that it was responsible for the negligence of its employee, the operator of the elevator, in failing to take proper action to prevent the accident; further, in permitting the elevator to be loaded with passengers beyond the safe capacity weight limit. The negligence charged to the defendant elevator company was predicated upon the claim that the accident was caused by a defect or failure of the machinery which operated the elevator. In addition to these specific charges of negligence, plaintiff asserted the doctrine of res ipsa loqui-tur.
The issue presented by this appeal is primarily factual. The accident occurred in the early afternoon of August 22, 1962. Plaintiff had attended a civic club luncheon which was held on the roof of the Virginia Hotel, and after the luncheon was one of an undetermined number of passengers in the elevator which was conveying luncheon guests down to the lobby floor of the hotel. The elevator failed to stop at the level of the lobby floor and continued to descend until it struck the buffer springs some twelve inches below the floor level. The elevator doors were opened and the passengers stepped up to the lobby floor. Shortly after the occurrence of the incident plaintiff alleged that he began to suffer pain in his neck and back, for which he was treated at various times by several physicians.
In written reasons for judgment the trial court, after analyzing the testimony of a number of the witnesses, readied the conclusion that the elevator was grossly overloaded and that the inexperience of the elevator operator, who had been employed in this capacity for a period of about two weeks, was a contributing factor to the overloading and the inept operation of the elevator. The court further concluded that the defendant elevator company was free from negligence. Upon the basis of these factual conclusions the court determined that there was no necessity for consideration of the doctrine of res ipsa loquitur.
On appeal counsel for defendant real estate company contends that plaintiff failed to bear the burden of proof in establishing negligence and urges error on the part of the trial court with respect to its finding in this connection. Counsel also argues that some failure in the elevator machinery was responsible for the malfunction which occurred in the instant case, and on this ground urges that the Otis Company should be held liable.
On behalf of plaintiff in support of his appeal the only issue presented relates to the quantum of the award, and counsel claims that the amount should be substantially increased.
Our examination of the record fails to disclose any error with respect to the factual conclusions reached by the district judge. On trial of the case defendant real estate company 'tendered the testimony of nine persons who were passengers on the elevator. It is argued that no other persons aside from these individuals, together with plaintiff and the elevator operator, were *908 shown to have been present in the elevator, and, as a consequence, it must be concluded that the maximum load limit of 2,000 pounds was not exceeded. It would follow from the development of this argument that the trial judge was in error in his factual conclusion that the elevator was overloaded.
We are unable to accept the validity of this contention. Trial of the case was had some sixteen months following the date of of the accident. At the time of the occurrence none of the witnesses who occupied the elevator, including plaintiff, considered the accident to be of a substantial nature, and it is, therefore, reasonable to conclude ■that it made little impression upon them, The fact that only eleven persons were actually identified as occupants of the elevator at the time does not justify the conclusion that other passengers were not in the elevator. The preponderance of the testimony of the witnesses is to the effect that the elevator was crowded; that although it was already fully loaded one additional passenger pushed his way into the car before the doors were closed and it began its descent.
It is equally clear from the testimony of the elevator operator that when he realized the elevator was picking up too much speed about the time it passed the fifth floor, he worked the operating lever back and forth but failed to use the cut-off switch. The conclusion that the inexperience of the operator and his negligence were contributing factors is fully sustained by the record.
Either of the above established grounds of negligence would be sufficient to support the finding of liability on the part of the defendant real estate company.
We do not find any evidence in the record which indicates any act of negligence or any fault on the part of the Otis Elevator Company. No mechanical malfunction of any nature or degree has been established. The hotel manager testified that immediately following the accident he rode the elevator up and down several times and found no defect in its operation. It further appears that no demand was made upon the Otis Company by the operator of the hotel, noi-, indeed, was the said company notified of the accident until some nine months after its occurrence.
We think the conclusion is inescapable, as found by the district judge, that the accident was due entirely to the overloaded condition of the elevator and the inexperience of the operator. Under this resolution there is no need for consideration of the doctrine of res ipsa loquitur.
There remains a consideration of the question of quantum. According to the great preponderance of the evidence the shock or jar caused by the fall or slide of the elevator below the floor level was very slight, but we think plaintiff did succeed in establishing the fact that he suffered some degree of cervical sprain or strain. The injury was mild and caused, at most, only a moderate exaggeration of a pre-existing condition. Plaintiff failed to establish by definite and convincing proof any serious nature of pain and suffering, any continuing disability which interrupted his practice of law, and any loss of earnings resulting therefrom. Under these circumstances, we cannot find that the record justifies an increase in the somewhat nominal allowance for damages as fixed by the trial judge.
For the reasons set forth the judgment appealed from is affirmed, and it is ordered that the cost of this appeal be taxed equally against plaintiff-appellant and defendant, Down Town Real Estate Company, Inc., appellee.